USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1148 UNITED STATES, Appellee, v. DAVID P. BIZIER, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya and Stahl, Circuit Judges, ______________ and Woodlock,* District Judge. ______________ _____________________ William Maselli, by appointment of the Court, with whom Law _______________ ___ Offices of William Maselli was on brief for appellant. __________________________ Helene Kazanjian, Assistant United States Attorney, with ________________ whom Jay P. McCloskey, United States Attorney, was on brief for ________________ appellee. ____________________ April 22, 1997 ____________________  ____________________ * Of the District of Massachusetts, sitting by designation. WOODLOCK, District Judge. The sole issue in this WOODLOCK, District Judge. _______________ appeal from a criminal judgment for possession with intent to distribute cocaine is whether a motion to suppress the subject cocaine should have been granted when the contraband was seized in a warrantless body search conducted immediately before the defendant's formal arrest. We find there was probable cause, independent of the cocaine seized, to arrest the defendant before the search. Consequently, we affirm the conviction.  I I The defendant-appellant David P. Bizier became the focus of a narcotics investigation after a confidential informant told Maine Drug Enforcement Administration (MDEA) Agent Joseph Bradeen that Bizier was selling crack cocaine from his apartment in Lewiston, Maine. MDEA Agents used the confidential informant to make two controlled buys of crack cocaine from the apartment on January 12, 1995 and January 19, 1995. The confidential informant received a telephone call from Bizier's girlfriend on January 23, 1995 while Bradeen and other MDEA agents were meeting in the informant's apartment. Bizier's girlfriend, who had been observed facilitating entry to Bizier's apartment for one of the earlier controlled buys, told the informant, who then told the Agents, that Bizier had gone to Massachusetts in his truck to pick up some cocaine and would be returning around 6:00 p.m. Bradeen gave Maine State Police personnel a description of the -2- truck and the timing of its return north; he also told the State Police to stop the truck. Bizier was spotted that day heading north on the Maine Turnpike going slightly over the speed limit and was stopped by Maine State Police Troopers Kevin Curran and Charles Granger, at about 6:00 p.m. The troopers, who had been informed by a State Police dispatcher that there were narcotics in the truck, testified it took Bizier an unusually long period to pull over after being directed to do so by the flashing lights of the police vehicle. Bizier appeared glassy eyed with pinpoint pupils. When he got out of the car, he avoided eye contact and swayed from side to side. He and his passenger told the troopers conflicting stories about where they had been. Bizier consented to a search of the vehicle and admitted that there was a small amount of marijuana in the ashtray of the vehicle. A police dog brought to the scene alerted to the presence of narcotics in the front seat. Thirty minutes after the stop, Bizier and his truck were transported from the breakdown lane to a nearby State Police facility to secure the truck pending application for a search warrant regarding the vehicle. After speaking personally to MDEA Agent Bradeen and receiving advice that there was probable cause to arrest Bizier for cocaine distribution, Trooper Granger conducted a body search, to which Bizier objected, during which two bags of cocaine were found in Bizier's underwear. Bizier was then formally placed under arrest. -3- Bizier's motion to suppress the cocaine was denied by Judge Hornby acting on the Report and Recommendation of Magistrate Judge Cohen. Bizier then entered a conditional plea of guilty to a one-count indictment for possession with intent to distribute the cocaine seized, received a 70-month sentence, and now appeals the denial of the suppression order. II II Considering only the evidence available before the search, it is clear that information known to law enforcement authorities supported the arrest, an arrest which in turn supported the body search of Bizier. The information provided grounds for two distinct species of arrest. First, the traffic violation stop generated information which, standing alone and irrespective of whether there was a separate law enforcement objective, provided probable cause for an offense justifying a full custody arrest related to misuse of the truck by Bizier. Second, the past crack cocaine transactions between the confidential informant and Bizier coupled with the report by his girlfriend of a trip south to obtain a new supply of the drug, corroborated by his return north at about the time expected, provided probable cause for a cocaine distribution arrest. Before turning to a specific discussion of the application of search and seizure law to these circumstances, we first state the general principles governing this area. -4- A. A. PROBABLE CAUSE FOR ARREST - GENERAL PRINCIPLES PROBABLE CAUSE FOR ARREST - GENERAL PRINCIPLES ______________________________________________ An officer may conduct a warrantless arrest as long as there is "probable cause to believe that the suspect has committed or is committing a crime." United States v. Mart nez- _____________ _________ Molina, 64 F.3d 719, 726 (1st Cir. 1995) (citing United States v. ______ _____________ Watson, 423 U.S. 411, 416-18 (1976); Gerstein v. Pugh, 420 U.S. ______ ________ ____ 103, 113-14 (1975)). The inquiry is "not whether there was a warrant or whether there was time to get one, but whether there was probable cause for the arrest." Watson, 423 U.S. at 417. ______ To establish probable cause, the government must demonstrate that "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense." United States v. _____________ Cleveland, 106 F.3d 1056, 1060 (1st Cir. 1997) (citing United _________ ______ States v. Torres-Maldonado, 14 F.3d 95, 105 (1st Cir.), cert. ______ ________________ _____ denied, 115 S. Ct. 193 (1994)); see also Beck v. Ohio, 379 U.S. ______ _________ ____ ____ 89, 91 (1964). Probable cause is to be determined based on the "collective knowledge and information of all the officers involved." United States v. Paradis, 802 F.2d 553, 557 (1st Cir. _____________ _______ 1986) (citing United States v. Rose, 731 F.2d 1337, 1342-43 (8th _____________ ____ Cir.), cert. denied, 469 U.S. 931 (1984)).  ____________ To be sure, evidence recovered after an arrest may not form the basis of probable cause for that arrest. See United ___ ______ -5- States v. Diallo, 29 F.3d 23, 26 (1st Cir. 1994) (citing Maryland ______ ______ ________ v. Garrison, 480 U.S. 79, 85 (1987)); see also Smith v. Ohio, 494 ________ ________ _____ ____ U.S. 541, 543 (1990) (it is "axiomatic that an incident search may not precede an arrest and serve as part of its justification") (quoting Sibron v. New York, 392 U.S. 40, 63 ______ ________ (1968)). However, whether a formal arrest occurred prior to or followed "quickly on the heels" of the challenged search does not affect the validity of the search so long as the probable cause existed prior to the search. See Rawlings v. Kentucky, 448 U.S. ___ ________ ________ 98, 111 (1980). B. B. SEARCH INCIDENT TO ARREST - GENERAL PRINCIPLES SEARCH INCIDENT TO ARREST - GENERAL PRINCIPLES ______________________________________________ Once authorized to make a lawful arrest, law enforcement personnel may conduct a warrantless search of the person of an arrestee. "The justification or reason for the authority to search incident to a lawful arrest rests [both] on the need to disarm the suspect in order to take him into custody [and] on the need to preserve evidence on his person for later use at trial." Robinson, 414 U.S. at 234. The permissible ________ purposes of such a search include not merely the preservation of evidence generally but also specifically the "seizure of destructible evidence." United States v. Uricoechea-Casallas, _______________ ___________________ 946 F.2d 162, 165 (1st Cir. 1991). C. C. SEARCH AND ARREST OF BIZIER SEARCH AND ARREST OF BIZIER ___________________________ -6- Two separate but, here, intertwined sources of evidence--the information flowing from the traffic stop and the information flowing from the course of cocaine dealing arrangements between Bizier and the confidential informant-- supported a search of Bizier incident to his arrest. 1. Search Flowing From Valid Traffic Violation Stop 1. Search Flowing From Valid Traffic Violation Stop ________________________________________________ Last term in Whren v. United States, 116 S. Ct. 1769 _____ _____________ (1996), the Supreme Court reaffirmed that so long as officers have probable cause to believe a traffic violation has occurred, it is reasonable for them to stop an automobile and temporarily detain the driver. Id. at 1772; see also Maryland v. Wilson, 117 ___ ________ ________ ______ S. Ct. 882, 886 (1997) (officer making traffic stop may order passengers out of car pending completion of stop). The information developed in connection with that temporary investigative stop may in turn provide grounds for a full custody arrest. In Whren, a police officer observed defendants in a _____ truck which the officer had probable cause to believe had violated certain traffic regulations. Upon stopping the truck, the officer saw two large plastic bags which appeared to contain crack cocaine in the driver's hands. The officer then arrested the defendants and seized the drugs. The defendants were charged and convicted of various federal drug offenses and the Supreme Court affirmed.  The Whren Court reiterated its holding in Robinson, 414 _____ ________ U.S. at 221 n.1, that "a traffic-violation arrest (of the sort -7- here) would not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search.'" Whren, 116 S. Ct. at 1774. _____ Stating that subjective intentions play no role in a probable cause analysis under the Fourth Amendment, the Court held the "fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" Id. (citing Scott v. United States, 436 U.S. 128, 138 __ _____ _____________ (1978)).  The State Police Troopers plainly had probable cause to stop Bizier's car on the Maine Turnpike because Bizier was travelling almost ten miles above the posted speed limit. Bizier contends, however, that although this may have been a valid stop for a traffic violation, there was no probable cause for his full custody arrest without consideration of the actual crack cocaine discovered during the body search. In this connection, Bizier contends that probable cause for an arrest supporting a search incident thereto can exist only for the actual offense ultimately charged. He argues that because he was, in the end, charged with a cocaine offense relating to the drugs found during the search, there was no preexisting probable cause and therefore no justification for that arrest.  As a legal proposition, the argument is without merit. The probable cause justifying a lawful custodial arrest, and -8- therefore a search incident to that arrest, need not be for the charge eventually prosecuted. See e.g., Barna v. City of Perth ___ ____ _____ ______________ Amboy, 42 F.3d 809, 819 (3d Cir. 1994) ("Probable cause need only _____ exist as to any offense that could be charged under the ___ _________ circumstances") (emphasis added); Barry v. Fowler, 902 F.2d 770, _____ ______ 773 n.5 (9th Cir. 1990); Gassner v. City of Garland, 864 F.2d _______ ________________ 394, 398 (5th Cir. 1989); Mutter v. Town of Salem, 945 F. Supp. ______ _____________ 402, 407 n.5 (D.N.H. 1996). Consequently, a finding of probable cause for any offense justifying full custodial detention can validate the search in this case as incident to a lawful arrest.  We need not pause to consider the question whether a stop for speeding, an offense which does not ordinarily involve anything beyond a fine,1 would support a body search. Cf. __ Robinson, 414 U.S. at 236 n.6. (declining to reach question ________ whether "'a routine traffic stop,' i.e., where the officer would ____ simply issue a notice of violation and allow the offender to proceed" would justify a full body search of the person stopped); see also United States v. Lott, 870 F.2d 778, 781-82 (1st Cir. ________ ______________ ____ 1989) (police making justified investigatory stop not authorized to make body search where there was no fear for their safety).  ____________________ 1 A speeding violation does not involve a criminal offense punishable with incarceration in Maine unless the driver exceeds the speed limit by 30 miles per hour or more. Me. Rev. Stat. Ann. tit. 29-A, 2074(5) (West 1996). Bizier was not going more than ten miles per hour above the posted speed limit and thus would be subject simply to a fine for the speeding violation. -9- The information learned by the troopers here quickly escalated to probable cause for a full custody arrest. These developments at the roadside after the initial traffic stop, which were entirely separate from the cocaine discovery, provided probable cause for a full custody arrest for a serious traffic violation--operating the truck under the influence of a drug. Both troopers who executed the stop testified at the suppression hearing that it took longer than usual for Bizier to pull over to the roadside. When Trooper Curran approached Bizier, he noted that Bizier's eyes were glassy, his eyelids were heavy, his pupils were pinpoints and he was swaying. Bizier and the passenger in the truck told the troopers inconsistent stories. These factors together created probable cause for a driving under the influence arrest2 following the otherwise justifiable traffic stop. When the police dog called to the scene arrived, it alerted to the presence of narcotics on seat covers on the front seat, the front edge of the front seat and in the gearshift area, as well as a box which had been next to the front seat. In addition, Bizier admitted to Trooper Curran that he had marijuana remains in his truck. This admission regarding the presence of  ____________________ 2 An operating under the influence violation is punishable with incarceration in Maine. Me. Rev. Stat. Ann. tit. 29-A, 2411(5). Indeed, Maine law independently authorizes a warrantless arrest when a law enforcement officer has probable cause and "the arrest occurs within a period reasonably likely to result in the obtaining of probative evidence of . . . drug concentration." Id. at 2411(4). ___ -10- contraband corroborated other evidence supporting probable cause for driving under the influence. Moreover, as we held in United States v. Staula, 80 ______________ ______ F.3d 596, 603 (1st Cir.), cert. denied, 117 S. Ct. 156 (1996), it ____________ cannot seriously be disputed that once an officer has found evidence of marijuana in a truck he has stopped for a motor vehicle violation he has probable cause to arrest the occupants of the truck on a possession charge.3  The unfolding observations which flowed from the valid traffic stop provided more than sufficient probable cause before the challenged search to arrest Bizier at a minimum for driving the truck under the influence of a controlled substance he illegally possessed in the vehicle.  2. Search Flowing From Cocaine Dealing Arrangements 2. Search Flowing From Cocaine Dealing Arrangements ________________________________________________ A law enforcement officer may make an arrest if there is probable cause to believe that the suspect has committed some _____________ felony offense. See Watson, 423 U.S. at 415-424. When Trooper ___ ______ Curran pulled over Bizier on the Maine Turnpike, there was probable cause, collectively known to the involved Maine law enforcement personnel based on the two controlled buys of cocaine from Bizier, to arrest Bizier for cocaine possession and  ____________________ 3 Bizier contends that because possession of marijuana is a civil infraction in Maine, the possession itself did not provide independent grounds for arrest. Possession of marijuana in any quantity, however, is also a crime under federal law which independently supports an arrest. See 21 U.S.C. 844. ___ Furthermore, the presence of the marijuana in the truck fortified the probable cause for a driving under the influence arrest. -11- distribution. Bizier himself concedes that at the time of the stop, "[t]here did exist probable cause that Bizier had committed prior drug transactions," Appellant's Brief at 5, but then notes that no arrest was made based on those transactions. As we observed above, probable cause need only exist as to any offense that could be charged under the circumstance. Thus, it is immaterial that the arrest grounds differed from the ultimate charging decision. It is uncontested that probable cause for an arrest did exist based on those two controlled buys in the previous two weeks. Thus, the search of Bizier immediately before his formal arrest could be justified as a search incident to arrest based on the controlled buys alone. See Rawlings, 448 ___ ________ U.S. at 111. Bizier, in oral argument, challenged the validity of the two controlled buys as a basis for probable cause, claiming that they were "stale." While a long delay in seeking a search ______ warrant can create difficulties if the information is stale, See ___ Watson, 423 U.S. at 450 n.14 (Marshall, J., dissenting), probable ______ cause to arrest, "once formed will continue to exist for the ______ indefinite future, at least if no intervening exculpatory facts come to light." Id. at 449 (Marshall, J., dissenting) (citations __ omitted). As Justice Powell observed in his concurrence, probable cause to support an arrest normally does not grow stale because "once there is probable cause to believe that someone is a felon the passage of time often will bring new supporting -12- evidence"; such probable cause would grow stale only if it emerges that it was based on since discredited information. Id. __ at 432 n.5. Here, rather than the development of intervening information that weakened the probable cause based on the controlled buys, information emerged that actually strengthened the basis for arrest on cocaine distribution charges.  In any event, the period of time between the controlled buys and the arrest was not so long here as to render the probable cause stale in any meaningful temporal sense. The arrest occurred just four days after the second controlled buy and less than two weeks after the first controlled buy at a time when there was probable cause to believe additional drugs were being transported in a moving vehicle. We can find no suggestion the police acted in bad faith by seeking unfairly to rely upon probable cause from an abandoned prior arrest opportunity in order to effect an otherwise insupportable current arrest and thereby exploit the right of search incident to arrest. In this connection, we note Justice Powell's observation that "[g]ood police practice often requires postponing an arrest, even after probable cause has been established, in order to place the suspect under surveillance or otherwise develop further evidence necessary to prove guilt to a jury." Id. at 431. The law enforcement response here was ___ measured and restrained as the MDEA agents on the one hand and -13- the troopers on the other pursued legitimate investigative techniques to develop an appropriate case regarding Bizier.  In the end, there was probable cause before the search for arrest on the charge of possession with intent to distribute the cocaine for which Bizier was convicted. The MDEA had received information from the confidential informant that Bizier, on the day of the stop, was travelling to Massachusetts in his truck to purchase cocaine and carry it back to Maine that evening. The MDEA agents were in the confidential informant's home when the informant received a call from Bizier's girlfriend telling the informant that Bizier would be returning that day from his trip to Massachusetts around 6:00 p.m. The MDEA agents provided a complete description of the truck, including its plate numbers to the Maine troopers. When the troopers stopped Bizier, he was travelling in the truck the MDEA agents had identified at around the time which the confidential informant told the agents he would be returning to Maine. This information in conjunction with the two controlled buys, all of which was developed within a span of less than two weeks, supported the existence of probable cause for a cocaine trafficking offense arrest that day independent of the discovery of the cocaine on Bizier's body. As such, the search itself was proper as one incident to a lawful arrest for such an offense under traditional exceptions to the warrant requirement of the Fourth Amendment. See Robinson, 414 ___ ________ U.S. at 224. -14- III III Under settled Fourth Amendment principles specifically applicable here, there was sufficient probable cause to arrest Bizier provided both by evidence flowing from the traffic stop on January 23 and by evidence flowing from the course of cocaine dealing arrangements between Bizier and the confidential informant o justify the body search of Bizier incident to his lawful arrest. Affirmed. Affirmed. -15-