Dodge v. City of Concord            CV-99-217-B    12/15/99

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Raven Dodge</u>

_____v.                                    Civil No. 99-217-B

<u>City of Concord, et al</u>.



**REPORT AND RECOMMENDATION**

Pro se plaintiff Raven Dodge, a prisoner in the New Hampshire State Prison, has filed this civil rights action against the City of Concord and Concord police officers Roger Baker, Eric Phelps, Kevin Partington, Jane Doe, and John Doe in their individual and official capacities. Dodge initially filed a complaint alleging he was arrested without probable cause in connection with an attempted burglary. Plaintiff amended his complaint on August 20, 1999. The amended complaint incorporated his original one-count complaint and added a second count indicating he was arrested for loitering and challenging that arrest as merely a pretext to search for evidence relating to another crime. Dodge was ordered to further amend the amended complaint to clarify his lack of probable cause claim. The second amended complaint is now before me for preliminary review. See 28 U.S.C. § 1915A (authorizing review of prisoner's complaints to determine whether they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief); Rules of the United States District Court for the District of New

Hampshire (LR) 4.3(d)(2).

## Background

At 2:54 a.m. on March 16, 1996, the Concord police department received a call from the manager of Harry's Steakhouse reporting an attempted break-in.  When the police arrived at the scene, plaintiff was walking north on Phoenix Avenue.  Officer Roger Baker, who had not been provided a description of the suspect, spotted plaintiff.  At 3:12 a.m., Officers Eric Phelps and Kevin Partington placed Dodge under arrest for loitering in violation of New Hampshire Revised Statutes Annotated (RSA) 644:6.[1]  Dodge was searched and items in his possession were

---

[1]In relevant part, RSA 644:6 states:

> I.  A person commits a violation if he knowingly appears at a place, or at a time, under circumstances that warrant alarm for the safety of persons or property in the vicinity.  Circumstances which may be considered in determining whether such alarm is warranted include, but are not limited to, when the actor:
>     (a) Takes flight upon appearance of a law enforcement official or upon questioning by such an official.
>     (b) Manifestly endeavors to conceal himself or any object.
>     (c) Has in his possession tools or other property which would lead a reasonable person to believe a crime was about to be perpetuated.
>     (d) Examines entrances to a structure which the actor has no authority or legitimate purpose to enter.
>     II.  Prior to any arrest under this section, unless flight or other circumstances make it impossible, a law enforcement official shall afford the actor the opportunity to dispel any alarm which would otherwise be warranted, by

seized.  The two officers then brought plaintiff against his will to Harry's Steakhouse for identification by the witness to the attempted burglary.  The witness was unable to identify Dodge positively as the burglar.

Dodge was never charged with loitering.  The state, however, used the evidence seized from him in a subsequent prosecution on a different charge (presumably attempted burglary).

## Discussion

### 1.  Standard of Review

In reviewing a pro se complaint, a district court is obliged to construe the pleading liberally.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In evaluating whether a complaint states a claim upon which relief may be granted, the court must take all factual allegations in the complaint as true and must construe all reasonable inferences in the plaintiff's favor.  See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Estelle, 429 U.S. at 106 (citation and internal

requesting him to identify himself and give an account for his presence and conduct.  Failure to identify or account for oneself, absent other circumstances, however, shall not be grounds for arrest.

3

quotation marks omitted).

2. Pretext

The gravamen of Dodge's amended complaint is that the officers never "intend[ed] to charge or proceed in the prosecution of Plaintiff for any alleged violation of RSA 644:6; Thus the arrest was in bad faith and a pretext and without reasonable probable cause." Second Amended Complaint ¶ 4. The Second Amended Complaint goes on to charge "[t]hat the actions of Defendant's [sic] were calculated solely to [a]ffect an arrest of Plaintiff for the express intention of searching his person without the necessity of obtaining a warrant." Id. ¶ 6.

The Fourth Amendment's prohibition against unreasonable seizures, made applicable to the states pursuant to the Fourteenth Amendment, requires an officer making a warrantless arrest to have "'probable cause to believe that the suspect has committed or is committing a crime.'" United States v. Bizier, 111 F.3d 214, 216-17 (1st Cir. 1997) (quoting United States v. Martinez-Molina, 64 F.3d 719, 726 (1st Cir. 1995)). Probable cause exists when, "'at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense.'" Id. (quoting United States v. Cleveland, 106 F.3d 1056, 1060 (1st Cir. 1997)). The

4

Fourth Amendment inquiry is strictly objective. See Bizier, 111 F.3d at 218 ("subjective intentions play no role in a probable cause analysis under the Fourth Amendment").

Dodge argues, nonetheless, that the defendants' bad faith rendered the arrest invalid. See Amended Complaint ¶ 4. Any doubts regarding the role of subjective intent in the Fourth Amendment inquiry were laid to rest by the United States Supreme Court's recent decision in Whren v. United States, __ U.S. __, 116 S. Ct. 1769 (1996). In Whren, the Court considered whether a stop for a traffic violation could violate the Constitution if the purported purpose of the stop was really a pretext. See id. at 1773. The Court held that the stop was proper provided a reasonable officer could have deduced probable cause. In rejecting Whren's argument, the Court emphasized the importance of a strictly objective test. See id. at 1775. According to the Court, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id. at 1774. Thus an "arrest [based on probable cause] . . . would not be rendered invalid by the fact that is was 'a mere pretext for a narcotics search.'" Bizier, 111 F.3d at 217 (quoting Whren, 116 S. Ct. at 1774).

Further, it is of no legal moment that Dodge was never charged with the offense for which he was originally arrested.

5

See Bizier, 111 F.3d at 218.  Probable cause exists if, at the time of the arrest, the arresting officer has reason to believe a crime is being committed; subsequent events have no bearing on the existence of probable cause at the time of the arrest.  Thus "the probable cause justifying a lawful custodial arrest . . . need not be for the charge eventually prosecuted."  Id.

Nor is there any merit to Dodge's contention that the search made incident to the arrest was unconstitutional.  "Once authorized to make a lawful arrest, law enforcement personnel may conduct a warrantless search of the person of an arrestee."  Id. at 217; see United States v. Robinson, 414 U.S. 218, 235 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.  It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.").  Such a search is considered reasonable, regardless of the officer's subjective intent.  See United States v. Proctor, 148 F.3d 39, 42 (1st Cir. 1998).  "'The justification or reason for the authority to search incident to a lawful arrest

6

rests [both] on the need to disarm the suspect in order to take him into custody [and] on the need to preserve evidence on his person for later use at trial.'" Bizier, 111 F.3d at 217 (quoting Robinson, 414 U.S. at 234).

Thus the fact that the police officers' motive may have been to investigate the attempted burglary has no bearing on the legality of Dodge's arrest for loitering. Probable cause to believe an offense has been committed is sufficient to justify an arrest, regardless of the officers' subjective intent. Accordingly, I find that Dodge's claim that his arrest for loitering was pretextual fails to state a claim for violation of the Fourth Amendment. Furthermore, because a lawful arrest is all that is required to justify a body search, he also fails to state a claim based on the subsequent search.

2. Lack of Probable Cause

Dodge's remaining count alleges that he was arrested without probable cause. Specifically, he contends that because he was never charged with or prosecuted for loitering, his "arrest was in bad faith and a pretext and without reasonable probable cause." It is unclear whether Dodge directs the alleged lack of probable cause at the arrest for loitering or the prosecution for burglary; however, neither allegation states a claim for a Fourth

Amendment violation.[2]

On the one hand, Dodge seems to argue there was no probable cause to arrest him for burglary. He contends that the arresting officers had not received a description of the burglary suspect when they apprehended him. This assertion is irrelevant, however, because he was not arrested for burglary. As discussed above, the arresting officers did not need probable cause to arrest Dodge for the attempted break-in because they arrested him for loitering, and Dodge has not alleged that the officers lacked probable cause to arrest him for loitering.

On the other hand, assuming Dodge now intends to claim the officers lacked probable cause to arrest him for loitering, which is consistent with his contention that the officers abused their power, that allegation also fails. Probable cause is based on the facts and circumstances apparent to the officers at the time of the arrest, not based on the clarity of critical hindsight. See Bizier, 111 F.3d at 216-17; Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996). It is an objective inquiry, assessing what a reasonably prudent person would believe

_____

[2]Dodge was ordered to further amend the complaint to clarify this specific allegation, which he failed to do. In the second amended complaint, Dodge added a paragraph alleging that "virtually every single person" seen the hour after the attempted burglary was reported was questioned by the police. He argues that this fact substantiates his pretext claim, discussed and disposed of above in the analysis of count I.

at the time.  See id. at 254-55 (explaining how "the existence of probable cause is not a guarantor either of the accuracy of the information upon which [the arresting officer] has reasonably relied or of the ultimate conclusion that he reasonably drew therefrom.").  As alleged, Dodge was found within blocks of the attempted burglary, only 15 minutes after it had been reported, by himself, going nowhere in particular.  Those allegations demonstrate facts and circumstances upon which a reasonable person could objectively suspect that Dodge "knowingly appear[es] at a place, or at a time, under circumstances that warrant[ed] alarm for the safety of persons or property in the vicinty."  RSA 644:6,I (defining loitering under New Hampshire law).  Accordingly, I find that Dodge has failed to establish even the minimal facts which could be construed as showing an arrest for loitering without probable cause.

Finally, although not explicit, Dodge appears to be asserting a malicious prosecution claim, by asserting the police abused their power when they arrest him.  A federal malicious prosecution claim actionable under § 1983, however, requires a Fourth Amendment violation, which, as discussed above, Dodge has failed to adequately allege.

3 . Municipal Liability

Plaintiff seeks to hold the City of Concord liable for the alleged illegal seizure. A municipal liability claim under section 1983 must allege that a municipal policy, custom, or practice caused, or was a moving force behind, a deprivation of the plaintiff's constitutional rights. See McCabe v. Life-Line Ambulance Service, Inc., 77 F.3d 540, 544 (1st Cir.) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 819 (1985); Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978)), cert. denied 519 U.S. 911 (1996). Because plaintiff has failed to state a claim for violation of the Fourth Amendment by the individual officers, there is no basis for holding the municipality liable.

## Conclusion

For the abovementioned reasons, I recommend that the second amended complaint (document no. 9) be dismissed in its entirety for failure to state a claim upon which relief may be granted, and that this action be dismissed. See 28 U.S.C. § 1915A(b)(1); LR 4.3(d)(2)(A)(i). If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g). Also if approved, I further recommend that the pending motion for appointment of counsel (document no. 3) be denied as moot.

Any objections to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file

an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 15, 1999

cc:     Raven Dodge, pro se

11