**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4282**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

YOALIANG GAO,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:14-cr-00218-JCC-1)

Submitted:  November 17, 2015          Decided:  November 19, 2015

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant.  Jennifer Gimbert Ballantyne, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yoaliang Gao appeals his conviction for possession of 15 or more counterfeit or unauthorized access devices and his 30-month sentence. Gao's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal and acknowledging Gao's waiver of appellate rights but questioning the application of Sentencing Guidelines enhancements for loss amount and for abusing a position of trust. Gao did not file a pro se supplemental brief despite notice of his right to do so. The Government has moved to dismiss the appeal as barred by the appellate waiver included in Gao's plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue being appealed is within the scope of the waiver." Id. A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Gao knowingly and voluntarily waived his right to appeal his conviction and any sentence within the statutory maximum. The sentencing claims raised on appeal clearly fall within the scope of this broad waiver. Therefore, we grant the motion to dismiss and dismiss Gao's appeal. We have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver.

This court requires that counsel inform Gao, in writing, of the right to petition the Supreme Court of the United States for further review. If Gao requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gao. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3