FOX, Justice.
[¶1] Larry Gibson was convicted of one count of possession with intent to deliver marijuana. He appeals his conviction, arguing the evidence against him should have been suppressed because it was obtained in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 4 of the Wyoming Constitution. We affirm.
ISSUE
[¶2] Did the district court err in denying Mr. Gibson's motion to suppress evidence?
FACTS
[¶3] While patrolling Interstate 80, Trooper Jeramy Pittsley stopped a pickup truck towing a horse trailer because he did not see any registration displayed on the vehicle. When Trooper Pittsley told Mr. Gibson why he had pulled him over, Mr. Gibson stated it was "over there" and pointed to a piece of paper taped to the passenger-side windshield of the truck. Trooper Pittsley noticed that Mr. Gibson was "excessively nervous" and that his hands were shaking as he handed over his driver's license and insurance. Trooper Pittsley asked Mr. Gibson to exit the vehicle, retrieve the piece of paper from the windshield, and accompany him to his patrol car.
[¶4] In the patrol car, Trooper Pittsley began entering Mr. Gibson's information and asked dispatch to check the vehicle's VIN number and Mr. Gibson's criminal history. He also contacted his shift partner, Trooper Daren Mrsny, and asked him to assist with the stop. Trooper Pittsley asked Mr. Gibson about his travel plans. Mr. Gibson responded that he was traveling from Redding, California to Muscle Shoals, Alabama. Trooper Pittsley again noticed that Mr. Gibson seemed "excessively nervous," saying that he could "see his heart beating through his chest," that he was wiping his hands on his pants, and that his hands were shaking. He found this unusual because he had already informed Mr. Gibson that he would receive a warning "if everything checked out."
[¶5] Trooper Pittsley testified that it typically takes him eight to fifteen minutes to issue a warning citation but that this stop was out of the ordinary because Mr. Gibson "had some registration issues." Trooper Pittsley had difficulty reading the piece of paper Mr. Gibson had retrieved from the windshield because "[t]he print was pretty faded on it and out of alignment." He also noticed that the paper did not have an expiration date and "[u]nder ownership it stated it was owned by a Ray McGarver." Mr. Gibson told him Ray McGarver was the owner of the car dealership where he had purchased the truck. Trooper Pittsley and Mr. Gibson went back to the truck to attempt to locate any additional paperwork, such as a bill of sale, and Mr. Gibson attempted to call the dealership. Approximately 15 minutes into the stop, Trooper Pittsley contacted dispatch and asked whether it had any results on the information he had asked it to run. Trooper Mrsny arrived at roughly the same time, and dispatch still had not provided Trooper Pittsley with the information. Trooper Pittsley asked Trooper Mrsny to continue filling out the citation while he "did a free air sniff with [his] canine." The dog alerted to the front right-side area of the trailer about 17 minutes *1258 after Trooper Pittsley had initiated the traffic stop. Trooper Pittsley searched the trailer and found several vacuum-sealed packages of marijuana weighing, in total, approximately 197 pounds.
[¶6] The State charged Mr. Gibson with one count of possession with intent to deliver marijuana, one count of felony possession of marijuana, and one count of "No Valid Registration." Mr. Gibson moved to suppress the marijuana, arguing the search was unreasonable under the United States and Wyoming Constitutions. The district court denied the motion, concluding that the initial traffic stop was justified and that the dog sniff to the exterior of the vehicle did not unreasonably extend the scope of the stop. The State agreed to dismiss two of the counts against Mr. Gibson and cap its sentencing recommendation at five to ten years in exchange for a guilty plea to the possession with intent to deliver charge. Mr. Gibson entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. The district court imposed a sentence of five to ten years imprisonment, suspended on condition that Mr. Gibson complete three years of supervised probation. Mr. Gibson timely appealed his judgment and sentence to this Court.
STANDARD OF REVIEW
[¶7] When reviewing a denial of a motion to suppress evidence, we defer to the district court's factual findings unless they are clearly erroneous. Kennison v. State , 2018 WY 46, ¶ 11, 417 P.3d 146, 149 (Wyo. 2018) (citation omitted). We view the evidence in the light most favorable to the district court's decision. Id. Whether a search or seizure was done in violation of the defendant's constitutional rights is a question of law we review de novo. Id.
DISCUSSION
[¶8] The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." Kennison , 2018 WY 46, ¶ 13, 417 P.3d at 149 (quoting Allgier v. State , 2015 WY 137, ¶ 14, 358 P.3d 1271, 1276 (Wyo. 2015) ). We use the two-part inquiry from Terry v. Ohio , 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968), to determine whether a traffic stop was reasonable. Kennison , 2018 WY 46, ¶ 13, 417 P.3d at 150. First, we determine whether the initial stop was justified; second, we determine whether the officer's actions during the stop were "reasonably related in scope to the circumstances that justified the interference in the first instance." Wallace v. State , 2009 WY 152, ¶ 12, 221 P.3d 967, 970 (Wyo. 2009) (quoting Damato v. State , 2003 WY 13, ¶ 9, 64 P.3d 700, 705 (Wyo. 2003) ).
[¶9] Mr. Gibson concedes "it would not be a successful argument to say that the initial stop was not justified" under the Fourth Amendment. We agree. The record supports the district court's finding that Trooper Pittsley observed a violation of Wyoming law, a lack of visible registration. Clay v. State , 2016 WY 55, ¶ 18, 372 P.3d 195, 198 (Wyo. 2016) (finding the initial stop of a vehicle justified under the Fourth Amendment because the defendant "was in violation of Wyoming law requiring license plates or a valid registration to be displayed and plainly visible on a vehicle") (citing Wyo. Stat. Ann. § 31-2-205(a)(i) (LexisNexis 2015) ).
[¶10] Mr. Gibson also concedes that Trooper Pittsley's actions during the stop did not violate the Fourth Amendment, given the length of the stop and the "unfinished nature" of the citation. Again, we agree.
During a routine traffic stop, a law enforcement officer may request a driver's license, proof of insurance and vehicle registration, run a computer check, and issue a citation. Generally, the driver must be allowed to proceed on his way without further delay once the officer determines the driver has a valid driver's license and is entitled to operate the vehicle.
Harris v. State , 2018 WY 14, ¶ 17, 409 P.3d 1251, 1254 (Wyo. 2018) (quoting Garvin v. State , 2007 WY 190, ¶ 14, 172 P.3d 725, 729 (Wyo. 2007) ). We do not impose an arbitrary time limit to determine the permissible *1259 length of a traffic stop. Harris , 2018 WY 14, ¶ 17, 409 P.3d at 1254 (citing Lindsay v. State , 2005 WY 34, ¶ 19, 108 P.3d 852, 857 (Wyo. 2005) ). "Instead, we examine whether law enforcement diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly and without undue delay in detaining a defendant." Harris , 2018 WY 14, ¶ 17, 409 P.3d at 1254. Here, Trooper Pittsley immediately began entering Mr. Gibson's information and asked dispatch to run appropriate checks. He diligently attempted to verify Mr. Gibson's registration, and he had still not completed the warning citation when Trooper Mrsny arrived. Trooper Mrsny continued filling out the citation while the dog did a "free-air sniff." So long as use of a dog does not extend a traffic stop's length, a sniff to the exterior of a vehicle, "even in the complete absence of reasonable suspicion," does not violate the Fourth Amendment because it does not amount to a search. Wallace , 2009 WY 152, ¶ 15, 221 P.3d at 970-71 ; Illinois v. Caballes , 543 U.S. 405, 409, 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (2005). Under these circumstances, Trooper Pittsley's actions were reasonable under the Fourth Amendment.
[¶11] Nevertheless, Mr. Gibson argues the district court erred in denying his motion to suppress. He asserts the stop's "air of pretext" should cause us to reevaluate whether a dog sniff to the exterior of a vehicle requires "a tighter legal framework" under the Wyoming Constitution than the U.S. Constitution. The State counters that Mr. Gibson waived argument under the Wyoming Constitution because he did not properly preserve the claim in the district court and, alternatively, that he failed to present cogent argument under the Wyoming Constitution on appeal.
[¶12] "Our state constitution provides protection of individual rights separate and independent from the protection afforded by the U.S. Constitution." O'Boyle v. State , 2005 WY 83, ¶ 23, 117 P.3d 401, 408 (Wyo. 2005). Although similarly worded, we have held that Article 1, Section 4 of the Wyoming Constitution provides greater protections than the Fourth Amendment in certain circumstances. Id. at ¶ 30, 117 P.3d at 410 ("[A] narrower standard, one maintaining the requirement that a search be reasonable under all of the circumstances, [is] more consistent with the historical intent of our search and seizure provision ... than the federal provision.") (citing Vasquez v. State , 990 P.2d 476, 489 (Wyo. 1999) ); State v. Peterson , 27 Wyo. 185, 198, 194 P. 342, 345 (1920) (saying Article 1, Section 4 is stronger than its federal counterpart because it requires search warrants to be supported by written affidavits).
[¶13] However, we consistently decline to decide cases under the Wyoming Constitution that are not supported by cogent argument in the lower court or on appeal. General citation to the Wyoming Constitution does not suffice to preserve a state constitutional argument for appeal, Phippen v. State , 2013 WY 30, ¶ 12, 297 P.3d 104, 108 (Wyo. 2013), nor does citation to cases decided under the Wyoming Constitution without argument concerning how they apply to the case under consideration. See Harvey v. State, Dep't of Transp. , 2011 WY 72, ¶ 8, 250 P.3d 167, 171 (Wyo. 2011) (refusing to conduct separate analysis under the Wyoming Constitution where the appellant did not argue that it provided greater protection under the circumstances of the case). In any event, we have previously held that an "officer's primary motivation" is irrelevant under Article 1, Section 4 so long as an observed traffic violation justifies the stop. Fertig v. State , 2006 WY 148, ¶ 28, 146 P.3d 492, 501 (Wyo. 2006). Mr. Gibson offers no cogent argument for departing from that precedent; thus, we decline to consider it. Farrow v. State , 2019 WY 30, ¶ 74, 437 P.3d 809, 828 (Wyo. 2019).
[¶14] Affirmed.