# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 100

**APRIL TERM, A.D. 2024**

**September 20, 2024**

TRAVIS DEAN SCHAUB,

Appellant
(Defendant),

v.                                                                                      S-24-0047

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Joshua C. Eames, Judge*

*Representing Appellant:*
> *Office of the State Public Defender: Ryan Roden, Interim Wyoming State Public Defender\*; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.*

*Representing Appellee:*
> *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General. Argument by Ms. Jones.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

\*An Order Substituting Ryan Roden for Diane Lozano was entered on August 9, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]     Travis Dean Schaub entered a conditional guilty plea to felony possession of methamphetamine. On appeal, he challenges the district court's denial of his motion to suppress evidence discovered during a search of his person. Because Mr. Schaub was searched incident to his lawful arrest, we affirm.

## *ISSUE*

[¶2]     The sole issue in this appeal is whether the district court erred in denying Mr. Schaub's motion to suppress.

## *FACTS*

[¶3]     In the early morning on July 8, 2022, Officer Luke Thorp of the Mills Police Department was dispatched to the area of Delmar Street and Kiskis Avenue in Mills, Wyoming. The reporting party observed an unconscious male in an older truck, as well as several syringes on the ground outside the driver's side door. Officer Thorp arrived and observed the truck and syringes. Inside the vehicle was a male who appeared to be asleep or unconscious.

[¶4]     Officer Thorp made contact with the driver and identified him as Travis Dean Schaub. Officer Thorp noted that Mr. Schaub appeared disoriented and exhausted, slurred his speech, and had swollen, red eyes. When Officer Thorp ordered Mr. Schaub out of the vehicle, Mr. Schaub was slow to respond and had difficulty opening the door of his truck to the point that Officer Thorp suggested Mr. Schaub climb out through the window.

[¶5]     Mr. Schaub eventually exited the vehicle. Officer Thorp then ordered Mr. Schaub to place his hands on his vehicle. Officer Thorp asked Mr. Schaub if he could search him, to which Mr. Schaub said "no." Nonetheless, Officer Thorp proceeded to search Mr. Schaub's pockets and found two jewelers' baggies of suspected methamphetamine. Officer Thorp handcuffed Mr. Schaub and escorted him to his patrol vehicle, where he searched him once more, placed him in the vehicle, and read him the *Miranda* warnings. From the time Officer Thorp approached the truck to the time he read Mr. Schaub his *Miranda* warnings, less than six minutes elapsed.

[¶6]     Mr. Schaub was charged with felony possession of methamphetamine pursuant to Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) (2023). He moved to suppress the evidence recovered during Officer Thorp's search of his person, arguing Officer Thorp had only initiated an investigatory stop and that Officer Thorp's search of his pockets exceeded the permissible scope of such a stop. He also argued that no other exception to the warrant requirement justified the warrantless search. The State responded, arguing that Officer Thorp had already decided to arrest Mr. Schaub and was in the process of doing so when

1

he searched Mr. Schaub, and therefore the search was justified as a search incident to arrest. The district court agreed with the State, finding that Officer Thorp had probable cause to arrest Mr. Schaub for public intoxication in violation of the Mills Municipal Code. According to the district court, "[b]ecause probable cause existed to arrest Mr. Schaub, Officer Thorp did not violate his Fourth Amendment rights by searching his pockets incident to arrest. As a result, Officer[] Thorp's discovery and seizure of the methamphetamine also did not violate Mr. Schaub's Fourth Amendment rights."

[¶7]    After the district court's denial of Mr. Schaub's motion to suppress, he entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion to suppress. This appeal followed.

## STANDARD OF REVIEW

[¶8]    Motions to suppress evidence are subject to a familiar standard of review:

> In reviewing a denial of a motion to suppress evidence, we adopt the district court's factual findings unless those findings are clearly erroneous. *Rodriguez v. State*, 2018 WY 134, ¶ 15, 430 P.3d 766, 770 (Wyo. 2018) (citing *Jennings v. State*, 2016 WY 69, ¶ 8, 375 P.3d 788, 790 (Wyo. 2016)). We view the evidence in the light most favorable to the district court's decision because the court conducted the hearing and had the opportunity to 'assess the witnesses' credibility, weigh the evidence and make the necessary inferences, deductions and conclusions." *Kunselman v. State*, 2008 WY 85, ¶ 9, 188 P.3d 567, 569 (Wyo. 2008) (quoting *Hembree v. State*, 2006 WY 127 ¶ 7, 143 P.3d 905, 907 (Wyo. 2006)). "On those issues where the district court has not made specific findings of fact, this Court will uphold the general ruling of the court below if supported by any reasonable view of the evidence." *Feeney v. State*, 2009 WY 67, ¶ 9, 208 P.3d 50, 53 (Wyo. 2009) (citing *Neilson v. State*, 599 P.2d 1326, 1330 (Wyo. 1979)).

*Anderson v. State*, 2023 WY 65, ¶ 8, 531 P.3d 912, 914 (Wyo. 2023) (quoting *Beckwith v. State*, 2023 WY 39, ¶ 8, 527 P.3d 1270, 1272 (Wyo. 2023)). "However, the underlying question of whether the search and seizure was constitutional is a question of law, which we review de novo." *Anderson*, 2023 WY 65, ¶ 8, 531 P.3d at 914 (quoting *Beckwith*, 2023 WY 39, ¶ 8, 527 P.3d at 1272).

*DISCUSSION*

[¶9]   Mr. Schaub argues that Officer Thorp's search of his person violated the Fourth Amendment to the United States Constitution.[1] The Fourth Amendment prohibits unreasonable searches and seizures. *Robinson v. State*, 2019 WY 125, ¶ 21, 454 P.3d 149, 156 (Wyo. 2019). "Warrantless searches and seizures are presumptively unreasonable unless they are justified by probable cause and an established exception to the warrant requirement." *Sen v. State*, 2013 WY 47, ¶ 26, 301 P.3d 106, 117 (Wyo. 2013) (citing *Owens v. State*, 2012 WY 14, ¶ 10, 269 P.3d 1093, 1096 (Wyo. 2012)). One established exception to the warrant requirement is for searches conducted incident to a lawful arrest. *Sen*, 2013 WY 47, ¶ 26, 301 P.3d at 117. When an officer makes a lawful arrest, the officer is not required to obtain a warrant to search both "the arrestee's person [and] the area within the arrestee's 'immediate control.'" *United States v. Knapp*, 917 F.3d 1161, 1165 (10th Cir. 2019) (quoting *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969)).

[¶10]  Mr. Schaub contends that while his condition justified a limited investigatory stop, it did not warrant a full search of his person for evidence. He also argues that he was not actually under arrest at the moment Officer Thorp searched his person. The State responds that Officer Thorp had probable cause to arrest Mr. Schaub at the time Mr. Schaub exited his vehicle and that Officer Thorp did in fact arrest Mr. Schaub at that time. The parties disagree as to whether there was a lawful basis for Mr. Schaub's arrest and whether Officer Thorp's search of Mr. Schaub occurred "incident" to the eventual arrest.

---

[1] Article 1, § 4 of the Wyoming Constitution also protects against unreasonable searches and seizures, in some situations to a greater extent than the Fourth Amendment. *Gibson v. State*, 2019 WY 40, ¶ 12, 438 P.3d 1256, 1259 (Wyo. 2019) (citing *O'Boyle v. State*, 2005 WY 83, ¶ 30, 117 P.3d 401, 410 (Wyo. 2005)). Mr. Schaub did not provide any argument under the Wyoming Constitution below, and understandably does not attempt to raise the issue for the first time in this Court. *See Gibson*, 2019 WY 40, ¶ 13, 438 P.3d at 1259 ("[W]e consistently decline to decide cases under the Wyoming Constitution that are not supported by cogent argument in the lower court or on appeal."). Our analysis is thus confined to the Fourth Amendment. As we have previously noted, we remain "willing to independently interpret the provisions of the Wyoming Constitution," but must be presented with some analysis as to why its protections are broader than those of the United States Constitution in a given situation. *Ramirez v. State*, 2023 WY 70, ¶ 16, 532 P.3d 230, 235 (Wyo. 2023) (quoting *Sheesley v. State*, 2019 WY 32, ¶ 14, 437 P.3d 830, 836 (Wyo. 2019)); *see also* Jeffrey S. Sutton, *51 Imperfect Solutions: States and the Making of American Constitutional Law* 174 (2018) (stating that litigants "at a minimum ought to consider the possibility that a state constitutional claim should be added to the mix."); Allison Bruff, Comment, *Ripe for Rejection: A Methodology for States' Departure from Utah v. Strieff and its Poisonous Fruit*, 86 Miss. L.J. 833, 851-55 (2017) (detailing the growing role of state constitutions and the various analytical approaches employed by state courts). In making this observation, we do not suggest any particular outcome, but only an alternative methodology.

# I. Officer Thorp had probable cause to arrest Mr. Schaub for public intoxication.

[¶11] The preconditions for an officer to make a lawful arrest are found in Wyo. Stat. Ann. § 7-2-102 (2023). That statute permits a warrantless arrest when:

> (i) Any criminal offense is being committed in the officer's presence by the person to be arrested;
> (ii) The officer has probable cause to believe that a felony has been committed and that the person to be arrested has committed it; or
> (iii) The officer has probable cause to believe that a misdemeanor has been committed, that the person to be arrested has committed it and that the person, unless immediately arrested:
> (A) Will not be apprehended;
> (B) May cause injury to himself or others or damage to property; or
> (C) May destroy or conceal evidence of the commission of the misdemeanor.

*Id.* § 7-2-102(b). Probable cause is a fact-centered inquiry and exists "when, under the totality of the circumstances, a prudent, reasonable, and cautious peace officer would be led to believe that a crime has been or is being committed and that the individual arrested is the perpetrator." *Tingey v. State*, 2017 WY 5, ¶ 53, 387 P.3d 1170, 1185 (Wyo. 2017) (quoting *McCallie v. State ex rel. Dep't of Transport*, 2014 WY 18, ¶ 7, 317 P.3d 1142, 1145 (Wyo. 2014)). The standard is objective and is measured from the point of view of a reasonable, prudent, and cautious officer operating at the time of arrest. *Dixon v. State*, 2019 WY 37, ¶ 20, 438 P.3d 216, 227 (Wyo. 2019) (citing *Shaw v. State*, 2009 WY 18, ¶ 20, 201 P.3d 1108, 1112 (Wyo. 2009)).

[¶12] The district court concluded that Officer Thorp had probable cause to arrest Mr. Schaub for public intoxication in violation of the Mills Municipal Code. Mills Municipal Code 9.20.021 makes it unlawful to be under the influence of any alcohol or scheduled drugs on any highway, street, or public place. Mills, Wy., Code ch. 9.20, § 021(a)-(b) (2021). The district court relied on Officer Thorp's testimony that

> Mr. Schaub was exhibiting signs of intoxication, including delayed cognitive abilities and slurred speech. Further, Mr. Schaub's truck was parked on a public street in Mills, Wyoming. When taken in conjunction with Officer Thorp's knowledge that Mr. Schaub was a methamphetamine user and the needles near the truck, the [c]ourt concludes that the

4

evidence was sufficient to give a reasonable officer probable cause to arrest Mr. Schaub for public intoxication.

The district court also relied on § 7-2-102(b)(iii)(C) as a lawful basis for Officer Thorp to arrest Mr. Schaub, noting that failure to immediately arrest an intoxicated suspect can lead to the destruction of evidence due to the body's natural processing of intoxicants.

[¶13] The district court's findings support the conclusion that Officer Thorp had probable cause to arrest Mr. Schaub. Mr. Schaub's outward displays of intoxication were sufficient to cause a reasonable officer to believe that Mr. Schaub was under the influence of an intoxicant. *Cf. Michaels v. State ex rel. Dep't of Transp.*, 2012 WY 33, ¶ 24, 271 P.3d 1003, 1011 (Wyo. 2012) (finding probable cause to believe the defendant was driving while under the influence of alcohol where the defendant's "eyes were blood shot and watery, his speech was slurred, his balance was poor and he smelled like alcohol."). Although Mr. Schaub suggests that Officer Thorp should have first inquired about Mr. Schaub's medical condition or at least asked if Mr. Schaub had been using alcohol or controlled substances, probable cause had already been established based on the totality of the circumstances.

[¶14] Officer Thorp had a lawful basis to arrest Mr. Schaub before he ordered Mr. Schaub out of his vehicle. However, the existence of probable cause alone is not a sufficient basis for finding that Mr. Schaub was actually arrested and searched incident to his arrest.

**II.      *The exact moment of Mr. Schaub's arrest is irrelevant in this case because the Fourth Amendment does not require that an arrest precede a search conducted incident thereto.***

[¶15] Mr. Schaub and the State disagree as to the precise moment of Mr. Schaub's arrest. Mr. Schaub contends that when Officer Thorp searched Mr. Schaub outside of his vehicle, he had not yet arrested Mr. Schaub. In support of this, Mr. Schaub emphasizes that Officer Thorp did not tell Mr. Schaub that he was under arrest, that Officer Thorp asked for consent to search Mr. Schaub, that Officer Thorp had not read Mr. Schaub the *Miranda* warnings, and that Mr. Schaub was never actually charged with public intoxication. The State responds that Officer Thorp exercised control over Mr. Schaub by ordering Mr. Schaub to exit the vehicle and place his hands on the vehicle, suggesting that Mr. Schaub was under arrest "as soon as [he] got out of the truck."

[¶16] Determining whether a person is under arrest is an objective, fact-intensive question.[2] However, whether the search was conducted before or after Mr. Schaub's arrest is not the relevant inquiry. In *Rawlings v. Kentucky*, the United States Supreme Court dismissed the idea that an arrest must precede a search in order to meet the search incident to arrest exception. 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980). In upholding a search of the defendant's person as a search incident to arrest, the Court plainly stated: "Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Id.*

[¶17] Many courts have interpreted this statement in *Rawlings* as holding that a search that occurs before an arrest is still "incident" to that arrest so long as the arrest quickly follows the search. *E.g.*, *United States v. Lugo*, 170 F.3d 996, 1003 (10th Cir. 1999); *United States v. Powell*, 483 F.3d 836, 838-42 (D.C. Cir. 2007) (en banc); *United States v. Lewis*, 147 A.3d 236, 240-43 (D.C. 2016) (en banc).[3] *United States v. Anchondo* states the rule most succinctly:

> In order to be a legitimate "search incident to arrest," the search need not take place after the arrest. A warrantless search preceding an arrest is a legitimate "search incident to arrest" as long as (1) a legitimate basis for the arrest existed before the search, and (2) the arrest followed shortly after the search.

---

[2] *Phillips v. State* provides the following guidance:

> In Wyoming, an arrest is effectuated when there is the taking, seizing, or detaining of the person of another by touching or putting hands on him, or by any act which indicates an intention to take him into custody and which subjects him to the actual control and will of the person making the arrest, or by the consent of the person to be arrested. Such arrest must also be made under real or pretended legal authority and result in the actual or constructive seizure or detention of the person arrested or in his voluntary submission into custody. A person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him occurs, resulting in no seizure or control over the person.

760 P.2d 388, 392 (Wyo. 1988).

[3] *But see People v. Macabeo*, 384 P.3d 1189, 1216-18 (Cal. 2016) (distinguishing between "custodial arrest" and "formal arrest" and interpreting *Rawlings* as holding that although a search may precede a formal arrest, a custodial arrest must precede the search); *United States v. Powell*, 451 F.3d 862, 867-68 (D.C. Cir. 2006) (same), *rev'd en banc*, 483 F.3d 836 (D.C. Cir. 2007). The reasoning in *Macabeo* and *Powell* was squarely rejected in *United States v. Hernandez*, 825 F.2d 846, 852 (5th Cir. 1987), and appears to be a minority position. *See Powell*, 483 F.3d at 839 (collecting cases).

156 F.3d 1043, 1045 (10th Cir. 1998).

[¶18]  The governing cases also make clear that the crime for which the defendant is ultimately arrested need not be the crime that initially supplied probable cause and justified the search. *United States v. Sanchez*, 555 F.3d 910, 922 (10th Cir. 2009) ("[T]he legitimate basis for an arrest is purely an objective standard and can be for any crime, not merely that for which the defendant is ultimately charged.") (quoting *United States v. Torres-Castro*, 470 F.3d 992, 998 (10th Cir. 2006)); *United States v. Bizier*, 111 F.3d 214, 219 (1st Cir. 1997) ("The probable cause justifying a lawful custodial arrest, and therefore a search incident to that arrest, need not be for the charge eventually prosecuted. Consequently, a finding of probable cause for any offense justifying full custodial detention can validate the search in this case as incident to a lawful arrest.") (citations omitted).

[¶19]  Though a search may precede an arrest to which it is incident, the traditional limitations of the search incident to arrest exception remain intact. First, an officer must have probable cause to make an arrest before conducting a search, as the fruits of the search cannot be the only possible basis for the lawful arrest. *Smith v. Ohio*, 494 U.S. 541, 542-43, 110 S.Ct. 1288, 1289-90, 108 L.Ed.2d 464 (1990) (per curiam) ("[A]n incident search may not precede an arrest and serve as part of its justification") (quoting *Sibron v. New York*, 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968)). Second, the officer must actually arrest the defendant. *Sanchez*, 555 F.3d at 921 ("To be sure, it appears that there can be no search incident to arrest unless the suspect is at some point formally placed under arrest."); *Powell*, 483 F.3d at 841 ("[I]t is the 'fact of the arrest' that makes all the difference.); *see also Knowles v. Iowa*, 525 U.S. 113, 118-19, 119 S.Ct. 484, 488, 142 L.Ed.2d 492 (1998) (holding that where an officer had discretion whether to arrest or issue a citation and chose to issue a citation, the ensuing search was not incident to a lawful arrest and was unconstitutional). Third, as the *Rawlings* Court itself acknowledged, the arrest must follow "quickly on the heels" of the search. 448 U.S. at 111, 100 S.Ct. at 2564; *see also Sanchez*, 555 F.3d at 920-21 (referencing but not expressly delineating the "outer limits" of time that may separate the search and the arrest).

[¶20]  Applying these principles to the case at hand, Officer Thorp's search of Mr. Schaub was incident to his lawful arrest of Mr. Schaub. Though Mr. Schaub disagrees with the State as to the exact moment he was placed under arrest, he does not dispute that the encounter ended with his arrest. We need not decide whether Mr. Schaub was arrested before he was searched. Because Officer Thorp had a lawful basis to arrest Mr. Schaub before searching him, and because he arrested him within six minutes of the search, the search was incident to his arrest, and a warrant was not required for the search to be constitutional. *See Anchondo*, 156 F.3d at 1045

## CONCLUSION

[¶21] Mr. Schaub was searched incident to his lawful arrest. Officer Thorp had probable cause to arrest Mr. Schaub before conducting a search, actually arrested Mr. Schaub, and did so shortly after the search. The district court did not err when it denied Mr. Schaub's motion to suppress evidence.