In re the MARRIAGE OF P. Jon DEPALMA, Appellee,

and

Melissa Ann DePalma, Appellant.

No. 06CA1478.

Colorado Court of Appeals, Div. IV.

July 26, 2007.

Certiorari Denied Feb. 19, 2008.

**830**

Willoughby & Eckelberry, L.L.C., Kimberly R. Willoughby, Denver, Colorado, for Appellee.

Baker & Gaithe, LLC, Carla L. Baker-Sikes, Colorado Springs, Colorado, for Appellant.

Opinion by Judge GRAHAM.

In this post-dissolution of marriage proceeding, Melissa Ann DePalma (mother) appeals from orders permitting P. Jon DePalma (father) to exercise his parenting time rights during his military deployment by having his current wife care for the children in his home during his parenting time. We affirm.

Father and mother are the parents of two children. In May 2002, they agreed to a parenting plan providing, among other things, that the children would be in father's care two evenings a week and every other weekend, that they would be in mother's care at all other times, and that if either parent was unavailable during his or her designated parenting time, that parent would offer the other parent the right of first refusal for the care of the children. When their marriage was dissolved in June 2002, the parenting plan was incorporated into the decree.

Father is an airline pilot and an Air Force Reserve pilot. Before he remarried in 2004, he and mother coordinated their parenting time each month to take his schedule into account. When he was deployed by the Air Force, mother exercised all parenting time.

After father remarried, he was again deployed to Iraq. During this deployment, the children spent one night and one evening per week in the care of father's new wife (stepmother). The remainder of the parenting time was exercised by mother. In January 2006, facing another deployment, father requested that parental responsibilities be modified to allow the children to spend equal time with each parent. He also requested that the parenting time schedule remain in effect when he was stationed in Iraq. He asserted that this would be in the children's best interests because it would allow them to maintain their normal schedule and their bonded relationship with stepmother and their stepbrother. Mother opposed this motion, arguing that father was impermissibly attempting to establish parental rights for his new wife that the new wife could not have obtained in her own right, and that mother should not be required to decrease her parenting time in favor of a nonparent.

An initial hearing was held in April 2006, followed by a second hearing in May. After considering the parties' arguments, the court determined that the presumption that a natural parent has the right to control the upbringing of a child is rebuttable; that the best interests of the children must be considered in determining whether the presumption has been rebutted; and that in the case before the court, the court was required to consider the relationship between the children and the stepparent as well as father's rights.

An additional hearing was held in June 2006. After considering the testimony of both parents, the stepmother, and the child and family investigator, the court determined that father could decide to have stepmother care for the children during his parenting time and that in doing so, he was presumed to be acting in the best interests of the children. The court further found that allowing father to designate stepmother as the children's caregiver during his absence did not modify the parties' parenting plan, as the children would remain in mother's care at all times except during father's parenting time, nor did it grant parenting time to stepmother. The court concluded that the right of first refusal set forth in the parenting plan did not require that father offer the children to mother while he was deployed, and that imposing such a requirement would interfere with father's parenting time. Accordingly, the court ordered that the children should be in the care of stepmother during father's parenting time as he had requested.

Mother now appeals from these orders.

## I.

Mother contends that the trial court erred in holding that father could choose to delegate his parenting time to stepmother while he is deployed or otherwise unavailable for extended periods of time. Mother argues that the court failed to accord her the presumptions to which she was entitled as the children's natural mother; that the court erred in denying her legal objection to father's motion to modify parenting time; that the court erred in failing to require that stepmother petition for parenting time; and

that the court failed to make the necessary findings regarding the children's best interests before making its decision. We are not persuaded by these arguments.

## A.

We first address mother's argument that the trial court failed to accord her the presumption that she had the first and prior right to parenting time of the children, and the presumption that, as a fit natural parent, she acted in the best interests of the children. We are not persuaded that the court failed to accord mother the benefit of any applicable presumption.

In determining a custodial dispute between a parent and a nonparent, Colorado courts recognize a presumption that a biological parent has a first and prior right to the custody of his or her child. *In re Custody of C.C.R.S.*, 892 P.2d 246, 256 (Colo.1995). Colorado courts also recognize a presumption that a fit parent acts in the best interests of his or her children. *In re Adoption of C.A.*, 137 P.3d 318, 327 (Colo.2006) (citing *Troxel v. Granville*, 530 U.S. 57, 67, 120 S.Ct. 2054, 2061, 147 L.Ed.2d 49 (2000)).

Here, the court expressly recognized that a parent has "a presumptive right to control the upbringing of a child," and that there is a presumption that a natural parent can make the decisions concerning the children. The court ultimately concluded that father could make the decision to have stepmother care for the children during his parenting time, noting that because parental unfitness had not been alleged, father was presumed to act in the best interests of the children.

We are not persuaded that the trial court failed to accord mother the benefit of the presumptions to which she was entitled as one of the children's biological parents.

We note that from the beginning, the trial court treated this matter as a dispute between two fit parents regarding the arrangements for the care of the children during father's parenting time, rather than a dispute between a nonparent seeking parenting time and a parent opposing it. We are not persuaded that the court erred in doing so. Stepmother never requested parenting time in her own right, and we are aware of no authority for the proposition that a parent's request that a stepparent or other nonparent be permitted to provide care for a child should be imputed to the nonparent and treated as a request by the nonparent for parenting time.

Because the dispute was between mother and father, and not between mother and stepmother, the presumption that a parent has a "first and prior" right to the custody of his or her child was not implicated, and there was no need for the court to comment upon the presumption that a parent's right to custody is superior to that of a nonparent.

Because the dispute was between mother and father, the court did not err in according the presumption that a fit parent acts in the best interests of the children to father as well as to mother. As the courts of several other jurisdictions have found, when two fit parents disagree, the court must weigh the wishes of both to determine what is in the child's best interests. *See, e.g., Thomas v. Nichols–Jones*, 909 A.2d 595, 2006 WL 2844525 (Del.2006) (unpublished table decision) (in a dispute between parents regarding visitation by grandmother, father's determination that visitation was in the child's best interests was entitled to the same weight as mother's contrary determination, and the trial court properly considered the wishes of each parent together with the other best interests factors); *In re Marriage of Sullivan*, 342 Ill.App.3d 560, 565, 277 Ill.Dec. 25, 795 N.E.2d 392, 396–97 (2003) (a dispute between mother and father regarding father's petition to allow his parents to visit child while he was on military duty overseas requires the court to weigh the wishes of two fit parents to determine the child's best interests); *Yopp v. Hodges*, 43 Va.App. 427, 438–39, 598 S.E.2d 760, 766 (2004) (where one parent supports grandparents' petition for visitation with child, and the other parent opposes it, and both parents are fit, the trial court must presume that both parents are acting in the best interests of the child; thus, faced with a contest in which one parent's fundamental rights are pitted against the other's fundamental rights, the trial court

properly resolved the matter by considering the child's best interests).

Because the dispute concerned father's parenting time and father's determination that it would be in the best interests of the children to allow them to maintain their relationship with their stepmother and stepbrother by maintaining the usual parenting time schedule during his deployment, we conclude that the court did not err by considering first the presumption that father was acting in the best interests of the children, and determining that the issue of stepmother's care of the children was resolved when that presumption was not rebutted by mother. The presumption that mother, too, was acting in the best interests of the children, was addressed by the court when it acknowledged mother's concern that parental rights should not be extended to stepmother, and resolved the issue by stating explicitly that the court did not intend to grant parenting time or parenting responsibility to stepmother. By addressing her concern in this manner, the court acknowledged that her concern was reasonable and that she also was acting in the best interests of the children in bringing it to the court's attention.

### B.

■ We next consider mother's argument that the trial court erred in denying her legal objection to father's motion to modify parenting time. We construe this as an argument that the trial court effectively granted parenting time to stepmother when it granted father's motion, and, thus, entered an order that violated mother's constitutional right to the care, custody, and control of the children. We do not agree with this argument.

We begin our analysis by observing that the trial court expressly stated in its June 8, 2006, order that "[t]he court is not granting any parenting time or parenting responsibility to [stepmother]." Indeed, the orders entered by the court do not grant stepmother any rights at all. Her "right" to parenting time is in reality only a potential obligation, if she chooses to accept it, to care for the children during father's parenting time. It is father's right to ask her to do so, and if he does not, the orders entered by the court do not grant her the right to see the children or care for them. In addition, stepmother has no right to make decisions for the children, as that authority is shared exclusively by mother and father, with day-to-day decision-making allocated to mother during father's deployments.

Because the orders from which mother appeals do not provide stepmother with any legal rights, this case is distinguishable from cases in which a parent has attempted to delegate his or her parental rights to a nonparent, or has requested that the court do so, without regard to the availability of a fit, natural parent who already possesses parental rights and is prepared to assume the responsibility for the child. *Diffin v. Towne*, 3 Misc.3d 1107(A), 787 N.Y.S.2d 677 (N.Y.Fam.Ct.2004), an unpublished decision cited by mother in support of her argument that the orders from which she appeals improperly granted parental responsibilities to stepmother, is such a case, and we find it unpersuasive for that reason.

### C.

■ Mother's argument that the trial court erred in extending "special rights" to stepmother and that the court should have required stepmother to petition for parenting time is also unpersuasive.

Stepmother did not seek parental rights, and father did not ask that such rights be extended to her. Rather, father requested only that stepmother be permitted to care for the children in his home during his absence. As mother acknowledges, parents routinely entrust their children to the care of teachers, family, and daycare providers during their parenting time. Although mother suggests that there is a substantive difference between leaving a child with a nonparent on a short-term basis and doing so for an extended period, she has not cited any authority in support of this proposition or explained why she believes this to be true. Nor has she explained why the entrustment of children to the care of a nonparent over a longer period necessarily requires the extension of parental rights to the nonparent.

The trial court concluded that stepmother could care for the children during father's parenting time without holding parenting time rights in her own name. Mother has cited no authority for the proposition that the court erred in reaching this conclusion, and we are aware of none. Accordingly, we reject it.

### D.

■ Finally, we reject mother's argument that the trial court erred in failing to make specific findings regarding the best interests of the children.

Under § 14–10–129(1)(a)(I), C.R.S.2006, with certain exceptions not applicable here, a court may make or modify an order granting or denying parenting time rights whenever such order or modification would serve the best interests of the child.

Here, mother did not dispute that it was in the children's best interests to maintain a relationship with their stepmother and stepbrother, and she did not contend that the children's visits with them were harmful. She specifically agreed that father was a fit parent and that he should have joint decision-making responsibility for the children. She testified that she thought that it was "very important" that the children continue to spend time with father's family, including stepmother, and that she felt that "[t] he more people who love them, the better." When asked about the reason for her opposition to father's proposal that stepmother be permitted to care for the children during his deployment, mother stated that she felt that it diminished her rights as a parent, and that it was "not anything against [stepmother] as a person, or as a parent." Thus, the court could reasonably conclude that both parents agreed it was in the best interests of the children to continue their relationship with stepmother and that they disagreed only as to whether father's proposal improperly extended parental rights to stepmother.

While it might have been better practice for the trial court to make explicit findings regarding the best interests of the children, we are not persuaded that the trial court erred in failing to do so where the record indicates that this issue was not disputed. We note that the court found that neither party argued stepmother inadequately cared for the children, and that the parties agreed the children had a good relationship with both stepmother and their stepbrother. In addition, the court acknowledged that it was in the children's best interests to allow stepmother to care for them during father's parenting time and that because parental unfitness had not been alleged, father was presumed to act in the best interests of the children.

### II.

■ Mother contends that the trial court violated the right of first refusal provision of the parties' parenting plan by allowing father to offer time to stepmother before offering it to mother. We do not agree.

Modification of parenting time is governed by § 14–10–129, C.R.S.2006. A court may modify an order regarding parenting time where such modification serves the best interests of the children. See In re Marriage of West, 94 P.3d 1248, 1250 (Colo.App.2004).

Here, the parenting plan incorporated into the decree dissolving the parties' marriage provides that "[i]n the event either parent is unavailable during their designated time with the children, they will contact the other parent for First Right of Refusal."

Testimony presented at trial showed that the right of first refusal had not been consistently and routinely offered in every case in which it might have applied.

The court ordered that the right of first refusal should be applied only to the parties, and added that father's decision to have stepmother care for the children during his absence did not require that the children be offered first to mother. The court explained that "[u]nder the circumstances and evidence presented, such a requirement would be inconsistent with the parenting plan as a whole and would interfere with [father's] parenting time."

To the extent that the trial court's ruling operated as a modification of the parenting plan incorporated into the decree, it was within the trial court's discretion to make

such a modification. In light of the evidence in the record that the parties had operated under a de facto modification of the plan and that the children would be least disrupted by continuing with their current sleepover arrangements, we do not perceive that it was an abuse of discretion to modify the plan to accommodate the best interests of the children.

### III.

In her reply brief, mother makes a number of arguments that were not made in her opening brief, and, apparently, were not made to the trial court. We will not consider these arguments. *See In re Marriage of Atencio,* 47 P.3d 718, 722 (Colo.App.2002) (issue not raised before the trial court will not be addressed on appeal); *In re Marriage of Smith,* 7 P.3d 1012, 1017 (Colo.App.1999) (issue raised for the first time in appellant's reply brief will not be considered).

The orders are affirmed.

Judge VOGT and Judge HAWTHORNE concur.