# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 119

**OCTOBER TERM, A.D. 2024**

**November 19, 2024**

REBECCA M. BURBRIDGE f/k/a
REBECCA M. DALIN,

Appellant
(Defendant),

v.

S-24-0037

CHRISTOPHER J. DALIN,

Appellee
(Plaintiff).

*Appeal from the District Court of Big Horn County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
    *Anna Reeves Olson and Jordan Michaela Haack, Long Reimer Winegar, LLP, Casper, Wyoming. Argument by Ms. Olson.*

*Representing Appellee:*
    *Christopher J. King, APEX Legal, P.C., Worland, Wyoming. Argument by Mr. King.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Rebecca M. Burbridge (Mother) and Christopher J. Dalin (Father) share a child, RJD. After Mother moved out of state, the district court ordered that RJD remain in Wyoming, but continued the parties' alternating-week custody schedule to the extent Mother could exercise her visitation without interfering with RJD's schooling in Greybull, Wyoming. The district court also prohibited Mother from delegating care of RJD to her parents (Grandparents) when she was unable to travel to Wyoming. Mother appeals, claiming that this prohibition on delegation violates her fundamental parental rights. Finding no constitutional violation, we affirm.

## *ISSUE*

[¶2]    The only issue Mother raises is whether the district court's order violated Mother's constitutional right to parent RJD by prohibiting her from delegating care of RJD to Grandparents.

## *FACTS*

[¶3]    Mother and Father married in 2011 and divorced in 2016. Their daughter, RJD, was born in 2013. After several modifications to the initial custody order, in 2021, the district court permanently modified visitation and custody, awarding joint legal and physical custody to Mother and Father on an alternating-week basis. The custody order included a provision requiring each parent to deliver custody of RJD to the other parent if the custodial parent was unable to exercise parenting time for twelve or more hours (right of first refusal provision).

[¶4]    Later in 2021, Mother was hired as a teacher in Grand Junction, Colorado and moved there with RJD without informing Father until shortly after the move. Father petitioned to modify custody, asserting that Mother's move constituted a material change in circumstances and that it was in RJD's best interests for Father to be granted sole legal and primary physical custody. The district court ordered that RJD be immediately returned to Wyoming and granted "primary care, custody, and control" of RJD to Father, though it soon reinstated the alternating-week arrangement and allowed Mother every other week visitation to the extent she could exercise it without interfering with RJD's schooling in Wyoming. Mother later answered father's modification petition and counter-petitioned for sole legal and primary physical custody of RJD.

[¶5]    The district court held a bench trial in October and November of 2022. At trial and in her written closing argument, Mother requested that if it did not award her primary custody, the district court remove the right of first refusal provision so that her parents

(Grandparents), who live near Father, could spend time with RJD when Mother was unable to exercise her visitation.

[¶6]     The district court issued its oral ruling in February of 2023, explaining that depriving RJD of either parent would be against her best interests and leaving the alternating-week arrangement in place to the extent Mother could feasibly exercise her visitation under the geographic constraints. It also stated that it would remove the right of first refusal provision per Mother's request, but noted that the case did not involve a "grandparent visitation issue," hoping that the parties could collaborate in good faith as to Grandparents' role in RJD's care. It requested that Father's counsel prepare a written order and seek approval of that order from Mother's counsel.

[¶7]     The parties could not agree on a written order. The main point of contention was whether the removal of the right of first refusal provision allowed Mother to delegate some or all of RJD's care to Grandparents when she was unable to be in Wyoming. After multiple instances of Grandparents caring for RJD during Mother's parenting time and multiple contempt motions, the district court held a show cause hearing. Mother testified that during three consecutive weeks of her parenting time, she either traveled to Wyoming for the beginning of her week and left RJD with Grandparents for the remainder of the week or did not travel to Wyoming at all and had Grandparents pick up RJD and spend the entire week with RJD. She argued that it was her right to determine care for RJD during her parenting time, and that the district court's oral ruling was at least ambiguous with regard to whether Grandparents could care for RJD in her absence.

[¶8]     The district court declined to hold Mother in contempt, conceding that there may have been some ambiguity in its oral ruling. Still, it disagreed with Mother's interpretation of the ruling, stating that it meant for Mother to be present for whatever visitation she might exercise. In explaining its ruling, the district court noted that it wanted to avoid creating a "de-facto grandparent visitation provision." The district court then entered two orders. The first order reduced the initial oral ruling on custody to writing. With regard to Grandparents exercising Mother's time, that order stated:

> There was a request to remove the 12 hour right of first refusal provision. This court shall remove this provision. However, this is not a way for [Mother] to then allow [Grandparents] to exercise her parenting time with the minor child. If [Mother] is not in Greybull, Wyoming exercising her week the minor child will be with [Father]. This [c]ourt has no jurisdictional authority to order that the grandparents can access or use the visitation. While the [c]ourt is not ordering grandparent visitation in this matter the [c]ourt does request of the parties to allow all of the family members of RJD to be involved in her life.

2

The second order reduced the district court's oral ruling at the show cause hearing to writing, confirming

> That the [c]ourt did not intend nor is it ordered that [Grandparents] can exercise [Mother's] parenting time. For [Mother] to exercise her parenting time during the school year she must be physically back in Wyoming for the pick-up of the minor child. If [Mother] chooses to leave during her parenting time she may do so. This does not allow for [Grandparents] to exercise her parenting time.

[¶9]   Mother timely appealed.

## *STANDARD OF REVIEW*

[¶10]  In her briefing and at oral argument, Mother was clear that she only challenged the district court's order on constitutional grounds. Mother argues that we should review her constitutional claim de novo, while Father argues that as a child custody matter, the district court's decision should be reviewed for an abuse of discretion. Father is correct that child custody and visitation are matters within the district court's discretion. *Domenico v. Daniel*, 2024 WY 2, ¶ 28, 541 P.3d 420, 429 (Wyo. 2024). When a custody decision is challenged on non-constitutional grounds, the abuse of discretion standard applies. *See Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 14, 501 P.3d 1274, 1279 (Wyo. 2022). However, whether a district court's custody order violates constitutional rights is a question of law that we review de novo. *Id.*, ¶ 16, 501 P.3d at 1280. Therefore, we will conduct a de novo review on the narrow issue of whether the district court's order in this case violated Mother's constitutional rights. *See id.*, ¶¶ 17-53, 501 P.3d at 1280-89 (reviewing a custody order for abuse of discretion and then conducting a separate de novo review of whether the order violated appellant's fundamental rights when appellant raised both issues).

## *DISCUSSION*

[¶11] The United States Constitution and the Wyoming Constitution prevent the government's taking of life, liberty, or property without due process of law. U.S. Const. amend. XIV; Wyo. Const. art. 1, § 6.[1] Due process "bars certain arbitrary, wrongful

---

[1] In her brief, Mother correctly notes that both constitutions guarantee due process. However, she provides no independent analysis under the Wyoming Constitution and instead discusses parents' fundamental rights in general terms. Therefore, we will not conduct a separate analysis under the Wyoming Constitution. *See Schaub v. State*, 2024 WY 100, ¶ 9 n.1, 556 P.3d 215, 218 n.1 (Wyo. 2024) ("As we have previously noted, we remain 'willing to independently interpret the provisions of the

government actions regardless of the fairness of the procedures used to implement them." *Ailport v. Ailport*, 2022 WY 43, ¶ 7, 507 P.3d 427, 433 (Wyo. 2022) (quoting *Vaughn v. State*, 2017 WY 29, ¶ 26, 391 P.3d 1086, 1095 (Wyo. 2017)). This "substantive component" of due process encompasses certain fundamental rights that may be impeded by the government only in rare circumstances. *Ailport*, 2022 WY 43, ¶ 7, 507 507 P.3d at 433.

[¶12]  One of those fundamental rights is the right of parents "to raise their children as they see fit and make decisions regarding their associations without interference from the government." *Id.*, ¶ 8, 507 P.3d at 433 (citing *Michael v. Hertzler*, 900 P.2d 1144, 1148 (Wyo. 1995)). The United States Supreme Court has said this right "is perhaps the oldest of the fundamental liberty interests" recognized under the United States Constitution. *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (plurality opinion). We have previously discussed parents' fundamental right to raise their children in the context of grandparent visitation. When disagreement over visitation arises between a parent and a grandparent, a parent's decision is entitled to "special weight," and is presumed valid absent a showing of parental unfitness or harm to the child. *Ward v. Belden*, 2023 WY 111, ¶ 15, 538 P.3d 980, 986 (Wyo. 2023) (citing *Troxel*, 530 U.S. at 68-69, 120 S.Ct. at 2061-62).

[¶13]  The analysis is different when the dispute is between two fit parents. *See Domenico*, 2024 WY 2, ¶¶ 60-67, 541 P.3d at 436-38. In such a situation, though each parent's decision is entitled to "special weight," *Ward*, 2023 WY 111, ¶ 15, 538 P.3d at 986, neither is entitled to greater weight than the other. *See Domenico*, 2024 WY 2, ¶ 66, 541 P.3d at 438. "When two fit parents disagree, the court must provide a resolution of the dispute." *Id.*, ¶ 60, 541 P.3d at 436. Thus, we have recognized that "[c]ourts deciding parental rights matters are regularly called upon to resolve disputes when dedicated, loving, and fit parents are unable to reach agreement. Court resolution of the dispute involve[s] no state intrusion on the parties' right to parent." *Id.*, ¶ 66, 541 P.3d at 438 (cleaned up).

[¶14]  Here, there is no suggestion in the record or from the parties that either parent is unfit. Mother, a fit parent, would prefer that her parents care for RJD when Mother cannot travel for her visitation. Father, also a fit parent, feels that Mother should be the one to exercise her parenting time, and that RJD should reside with him when Mother is unable to be present for visitation. Thus, it was the district court's responsibility to resolve this issue. *Domenico*, 2024 WY 2, ¶ 60, 541 P.3d at 436.

---

Wyoming Constitution,'" when we are presented with sufficient analysis to do so.)(quoting *Ramirez v. State*, 2023 WY 70, ¶ 16, 532 P.3d 230, 235 (Wyo. 2023)).

[¶15]   The cases that Mother cites to support her argument do not persuade us that the district court's order was unconstitutional. In *In re Marriage of DePalma*, the Colorado Court of Appeals affirmed a trial court's decision to allow two children's stepmother to care for them during their father's military deployment. 176 P.3d 829 (Colo. App. 2007). The children's mother argued that it was her right as a fit parent to have custody of the children when their father was unable to exercise his parenting time. *Id.* at 832. In rejecting the mother's argument, the court stated:

> Because the dispute was between mother and father, the court did not err in according the presumption that a fit parent acts in the best interests of the children to father as well as to mother. As the courts of several other jurisdictions have found, when two fit parents disagree, the court must weigh the wishes of both to determine what is in the child's best interests.

*Id.* at 832. Thus the court recognized, as we have here, that the trial court's job was to place the fit parents' wishes on equal footing and make a decision without affording either parent a presumption against the other. *See id.* Mother would have us take *DePalma* a step further and hold that not only are district courts permitted to allow fit parents to delegate their time, they are constitutionally required to do so.[2]

[¶16]   We are skeptical of Mother's contention that the district court's order prohibits her from ever leaving RJD with Grandparents. The district court's order modifying custody stated that it was removing the right of first refusal provision but that "this is not a way for [Mother] to then allow [Grandparents] to exercise her parenting time with the minor child. If [Mother] is not in Greybull, Wyoming exercising her week the minor child will be with [Father]." Mother contends that the district court ordered that she "need[s] to be physically present with the minor child for every minute of her visitation" and "that if [Mother] was unable to be with the child for any amount of time, the child needed to be immediately returned to her father." Father reads the district court's order differently, arguing that the removal of the right of first refusal provision allows Mother to leave RJD

---

[2] The other cases cited by Mother fall short for the same reason. *Fuchella v. Smutny*, 2023 WL 7488120 at *1 (Conn. Sup. Ct. Aug. 10, 2023) (trial court order declining to include a right of first refusal provision, but nowhere stating that such a provision would be unconstitutional); *Humphreys v. Humphreys*, 2008 WL 5377623 at *2 (La. App. 1 Cir. Dec. 23, 2008) (no abuse of discretion where trial court refused to include a right of first refusal provision when mother left children with grandparents during her parenting time); *Harris v. Harris*, 2010 WL 5344769 at *3 (Ky. Ct. App. Dec. 29, 2010) ("[T]here is nothing in the record to show that having the children's grandchildren [sic.] watch them while [mother] works is not in their best interest. Consequently, we hold that the family court did not abuse its discretion in declining to modify the visitation schedule."). In each of these cases, the court (whether in the first instance or on appeal) found it a permissible exercise of judicial discretion to allow a parent to delegate care to a chosen third party. In none of them did the court indicate that such delegation was a constitutional right.

in the care of Grandparents and others for longer periods than the previously-ordered twelve hours, so long as she travels to Wyoming to exercise her visitation.

[¶17] Even if Mother's reading of the order is correct as to her inability to delegate childcare for short periods, her objection to the fairness or practicality of such an order does not have constitutional implications. As noted, the district court was faced with a situation where it was required to resolve a disagreement between two fit parents. *Domenico*, 2024 WY 2, ¶ 60, 541 P.3d at 436. Resolution of such an issue requires an exercise of the district court's discretion. *Id.* Certainly, a court may abuse its discretion in resolving that issue, but Mother has expressly declined to challenge the decision here as an abuse of discretion.

[¶18] Courts are frequently required to exercise their discretion in the best interests of the child in ways that restrict the conditions of a parent's visitation. *See, e.g.*, *Baer v. Baer*, 2022 WY 165, ¶ 45, 522 P.3d 628, 641 (Wyo. 2022) ("The district court properly exercised its discretion when it conditioned Mother's visitation on her continued abstinence from alcohol around the children"); *Kidd v. Jacobson*, 2020 WY 64, ¶¶ 21-22, 463 P.3d 795, 800-01 (Wyo. 2020) (no abuse of discretion for district court to prohibit Mother's alcohol consumption during visitation); *Womack v. Swan*, 2018 WY 27, ¶ 7, 413 P.3d 127, 132 (Wyo. 2018) ("[T]he district court . . . ordered Mother 'not to consume any alcohol when the children are in her custody.'").[3] Although a court may abuse its discretion by placing unwarranted restrictions on parenting decisions, the restrictions in this case did not violate Mother's constitutional rights.[4]

[¶19] Affirmed.

---

[3] Courts in other states have specifically placed conditions on the people that could be present during a parent's visitation. *See, e.g.*, *Thomas v. Oxendine*, 867 S.E.2d 728, 548-49 (N.C. Ct. App. 2021) (no abuse of discretion where trial court ordered mother's visitation could not occur in the presence of stepfather where there was evidence of stepfather's adverse effect on the child's welfare); *Marko v. Marko*, 816 N.W.2d 820, 830 (S.D. 2012) (no abuse of discretion where trial court ordered father's visitation could not occur in the presence of his teenage girlfriend where there was evidence that the girlfriend had an "unhealthy friendship" with one of the children and consistently undermined mother); *Coleman v. Coleman*, 87 So.3d 246, 255 (La. Ct. App. 2012) (not error for trial court to require that mother's visitation occur outside the presence of her adult son who abused drugs and alcohol, refused rehabilitation, and had a violent criminal history).

[4] Finally, Mother implies that the district court's prohibition on delegation of care of RJD to Grandparents was a misunderstanding of its authority to allow Mother to rely on Grandparents for RJD's care in her absence. Even if the district court was mistaken in that regard, there is no authority to suggest that such an alleged mistake is a constitutional violation. The information relied upon by a district court in reaching its decision is part of an abuse of discretion analysis. *See Domenico*, 2024 WY 2, ¶ 29, 541 P.3d at 429-30 ("Abuse occurs when . . . an improper factor is relied upon") (quoting *Ianelli v. Camino*, 2019 WY 67, ¶ 21, 444 P.3d 61, 66-67 (Wyo. 2019)). However, as we have noted, Mother does not contend the district court abused its discretion.